UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FUGRO-MCCLELLAND MARINE GEOSCIENCES, INC., § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-07-1731 |
| § | | |
| STEADFAST INSURANCE CO. AND LEXINGTON INSURANCE CO., § | | |
| *Defendants*. § | | |

**MEMORANDUM AND RECOMMENDATION**

This insurance dispute is before the court on defendant Steadfast Insurance Company's motion for summary judgment (Dkt. 23). Having reviewed the parties' submissions, all matters of record, and the law, the court recommends that Steadfast's motion be denied.[1]

**Background**

Plaintiff Fugro-McClelland Marine Geosciences, Inc. (FMMG) was sued in federal court in the Eastern District of Louisiana by J. Ray McDermot Engineering, L.L.C. and others for breach of contract and negligent performance of services (the *McDermot* lawsuit). Steadfast Insurance Company issued a Commercial General Liability Policy to FMMG.

---

[1] Steadfast objects to FMMG's summary judgment evidence because the accompanying affidavits do not expressly set forth each element of the business records exception to the hearsay rule. FED. R. EVID. 803(6). FMMG's evidence is of the exact nature as that submitted by Steadfast, *i.e.*, letters and e-mail communications between lawyers. There is no question as to the authenticity of the evidence. FMMG's evidence has sufficient indicia of trustworthiness to be admissible. *See* FED. R. EVID. 807. Steadfast's motion to strike FMMG's summary judgment evidence (Dkt. 35) is denied, making FMMG's motion to supplement or for continuance (Dkt. 38) moot.

Lexington Insurance Company issued a Professional Liability Policy to FMMG. FMMG asserted coverage for indemnity and defense of the *McDermot* lawsuit under both policies. FMMG settled the McDermot lawsuit for $3.7 million. FMMG funded the settlement out of its own pocket. FMMG filed this federal lawsuit on May 23, 2007 to collect the settlement amount and defense costs from its insurers.[2]

**Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

A summary judgment movant who bears the burden of proof on a claim must establish each element of the claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for

---

[2] The district court adopted this court's recommendation and denied FMMG's motion to enforce an alleged settlement of this lawsuit. This court granted FMMG leave to amend its complaint to assert a claim for breach of the alleged settlement agreement (Dkt. 61).

trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)).

If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

**Analysis**

Steadfast contends that it is not liable to FMMG as a matter of law for three reasons: (1) FMMG breached the voluntary payment/consent-to-settle provision of the insurance policy issued by Steadfast; (2) FMMG's lawsuit is barred by the "no action" provision of the policy, which provides that FMMG may not sue Steadfast to recover on a settlement that was not signed off on by Steadfast; and (3) FMMG breached the provision of the policy requiring it to cooperate with Steadfast in the investigation or settlement of a claim.

In response, FMMG denies many of Steadfast's factual allegations. FMMG contends that Steadfast breached its duty to pay defense costs, relieving FMMG of its obligation to secure Steadfast's consent to settlement. Moreover, FMMG contends that its counsel did cooperate with Steadfast and provided detailed updates and reports, but that Steadfast refused to meaningfully participate in settlement.

The court finds that numerous fact issues preclude summary judgment. These include issues of when and by whom the insurance policy was first breached, and whether Steadfast was in fact denied an opportunity to participate in mediation of the underlying lawsuit.[3]

**Conclusion and Recommendation**

For the reasons discussed above, the court recommends that Steadfast's motion for summary judgment (Dkt. 23) be denied.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See FED. R. CIV. P. 72.

Signed at Houston, Texas on May 2, 2008.

Stephen Wm Smith
United States Magistrate Judge

---

[3] In a non-jury trial, the judge is the ultimate trier of fact. In such cases, the court may grant summary judgment where a trial would not enhance the court's ability to draw inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). Assessments of credibility, however, come into sharper focus upon hearing live witnesses. *Placid Oil*, 932 F.2d at 398. Because the motion for summary judgment has been referred to this magistrate judge for report and recommendation only, the court defers factual determinations to the district court at trial.